IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GARY NEAL WEDDINGTON,
GDC NO. 41885,
    Plaintiff,

v.

STEVE ROBERT ROTELLA,
    Defendant.

: PRISONER CIVIL RIGHTS
: 42 U.S.C. § 1983
:
: CIVIL ACTION NO.
: 1:09-CV-3468-CAM

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is before this Court for a 28 U.S.C. § 1915A frivolity determination.

I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

AO 72A
(Rev.8/82)

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Ashcroft v. Iqball, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

AO 72A
(Rev.8/82)

II. Discussion

Plaintiff, currently confined at Coastal State Prison[1] in Garden City, Georgia, states that on December 31, 2008, he was arrested by Defendant Steve Robert Rotella, a Clayton County detective, and charged with aggravated assault. (Doc. 1 at ¶ IV.) Plaintiff states that the arrest was a result of an altercation he had on December 9, 2008. (Id.) Plaintiff alleges that Rotella (1) convinced the victim to lie about the altercation, and (2) mis-characterized a witness's statement to "imply" that Plaintiff had a knife during the altercation. (Id.) Plaintiff alleges that Rotella pursued the aggravated assault charge in order to have him cooperate in a homicide investigation. (Id.)

In February of 2009, an indictment was returned charging Plaintiff with aggravated assault. (Id.) On June 8, 2009, the aggravated assault charge was nolle prossed prior to the start of trial. (Id.) Plaintiff seeks money damages. (Id. at ¶ V.)

Plaintiff previously filed a civil rights action in which he alleged substantially identical facts. See Weddington v. Rotella, Civil Action No. 1:09-

---

[1] Plaintiff is serving two life sentences for two armed robbery convictions and sentences ranging from 10 to 20 years for other crimes. (www.dcor.state.ga.us).

3

CV-2612-CAM. On October 1, 2009, that action was dismissed with prejudice. Id., Doc. 3.

In the previous action, Plaintiff stated that, on March 13, 2009, his parole was revoked for committing the crime of theft by shoplifting and failing to pay the victim's compensation fee. Id., Doc. 1 at ¶ IV. Plaintiff claimed that he signed a waiver of final hearing form because Kenneth Sumner, a Georgia State Parole Officer working in the Jonesboro Parole Office, told him that a hearing would result in Rotella testifying about the aggravated assault charge. Id. Plaintiff was also told by Sumner that he would "strike" the aggravated assault charge if Plaintiff signed the waiver. Id. As noted above, the aggravated assault charge was nolle prossed.

As this Court previously explained to Plaintiff, the Supreme Court has held that a plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus before he can recover money damages in a civil action alleging malicious prosecution. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997) (applying

4

Heck to suits "premised as here on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars [plaintiff's] claim that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him.").

While the aggravated assault charge was dismissed, Plaintiff must also show that that dismissal was not based on "a compromise or agreement" in order to pursue damages against Rotella. Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998). Plaintiff allegations indicate that the aggravated assault charge was dismissed after he agreed to waive a final parole revocation hearing, and thus, he has not satisfied the Heck precondition to filing suit for malicious prosecution. Even if the charges were dropped for another reason, Plaintiff must also show that his arrest was unlawful. McClish v. Nugent, 483 F.3d 1231, 1250 (11th Cir. 2007). The change in the witness statement which Rotella allegedly made does not, without more, suggest that Plaintiff was being maliciously prosecuted.

A civil action barred by Heck, should be dismissed "with prejudice." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). However, if Plaintiff

5

"eventually satisfies the precondition to a valid claim under Heck," he is permitted to raise his claim in a new civil rights action. Id. at 165 n.3. Accordingly, this action should be summarily dismissed.

III. Conclusion

**IT IS ORDERED** that the instant pro se civil rights complaint [Doc. 1] is **DISMISSED**. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] **GRANTED**.

**IT IS SO ORDERED**, this 28 day of Jan, 2010.

CHARLES A. MOYE, JR.
UNITED STATES DISTRICT JUDGE

6

AO 72A
(Rev.8/82)